**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JANET A. HAGGERTY,

        Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner,
Soc. Sec. Admin,

        Defendant - Appellee.

No. 11-35410

D.C. No. 3:10-cv-00153-RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted June 28, 2012
Fairbanks, Alaska

Before: GOODWIN, W. FLETCHER, and M. SMITH, Circuit Judges.

    Janet Haggerty appeals the judgment affirming the Administrative Law

Judge's (ALJ) decision to deny her Social Security claims for disability insurance

benefits and supplemental income. We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The ALJ denied Haggerty's claims because it found her impairments not to be "severe," *see* 20 C.F.R. §§ 404.1521, 416.921, because those impairments did not significantly limit her ability to perform basic work-related activities for twelve consecutive months.

Haggerty summarizes "the principal thrust of the argument" to be that the ALJ "selectively focused on distorted aspects of medical records that resulted in an unjustified finding of non-disability." Haggerty relies on two cases holding that, before rejecting a treating doctor's uncontroverted medical opinion, the ALJ is "required to provide specific, legitimate reasons supported by substantial evidence in the record." *Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006); *accord Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) ("[T]he ALJ was only required to provide specific and legitimate reasons for rejecting his opinion.").

In this case, the ALJ did not completely reject medical opinions, but he did discount the weight he assigned to some of them. The ALJ gave "significant weight" to the conclusions of Dr. Burgess and the state psychological consultant, but he gave "little weight" to the conclusions of Dr. Michels and Dr. O'Connor. The ALJ gave less weight to Dr. Michels's conclusions because they were "not supported by the fairly normal mental status examination," "based primarily on the

2

claimant's self report," and "inconsistent with the claimant's activities, which indicate greater functional capability than alleged." The ALJ gave less weight to Dr. Connor's "global assessment of functioning" score of Haggerty because it was not consistent with Dr. O'Connor's progress notes and not consistent with Haggerty's activities.

In his written decision, the ALJ discounted the medical opinions based on specific, legitimate reasons that are supported by substantial evidence in the record. The ALJ was specific when he compiled a long list of Haggerty's activities, which included driving, cooking, and volunteering at the fire department. The ALJ's use of those activities to discount inconsistent medical opinions was a legitimate reason. *See* 20 C.F.R. §§ 404.1527(b), (c)(4), (6); 416.927(b), (c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."), (6). The ALJ's discounting of Dr. Michel's conclusion because it was not well supported by acceptable diagnostic techniques was also a legitimate reason. *See* 20 C.F.R. §§ 404.1527(c)(2), (3), 416.927(c)(2), (3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.").

Therefore, even assuming that *Widmark* and *Edlund* apply to this case, in which the ALJ did not actually reject an uncontroverted medical opinion, the ALJ's decision to give less weight to some medical opinions was based on specific, legitimate reasons that were supported by substantial evidence in the record.

**AFFIRMED**.